STATE OF LOUISIANA *v.* J. L. FABRE, Recorder.—On the relation of ADAM BACH.

An appeal to the Supreme Court cannot be taken from a peremptory *mandamus* issued by a District Court of the city to compel the Recorder to allow an appeal to such District Court from a sentence of the Recorder imposing a fine of less than $300.

APPEAL from the Third District Court of New Orleans, *Duvignaud*, J. *J. J. Michel*, for appellant. *Collens & Wooldridge*, for appellee.

BUCHANAN, J. One of the Recorders of the city of New Orleans, having imposed a fine of fifty dollars upon *Adam Bach* for a violation of city ordinances, *Bach* applied for an appeal to the Third District Court of New Orleans. The application was refused by the Recorder. *Bach* then filed his petition in the Third District Court of New Orleans for a *mandamus*, to compel the Recorder to allow the appeal. The Recorder answered the petition by alleging that the District Court was not vested by law with an appellate jurisdiction over the Recorders of

STATE
v.
FABRE.

the city. After hearing, the District Court rendered judgment, making the *mandamus* peremptory. From this judgment the Recorder appeals, and the appellee (*Bach*) moves for a dismissal of the appeal, on the ground (among others) that the amount in dispute does not exceed three hundred dollars.

The judgment rendered by the Recorder was a money judgment. If there be any thing else in dispute than the amount of that judgment, (which is clearly far below the appellate jurisdiction of this Court), it is the question of jurisdiction of the District Court, and that question cannot be reached, in this form, at least.

It is, therefore, adjudged and decreed, that the appeal be dismissed with costs.